[Cite as *State v. Beltowski*, 2026-Ohio-2473.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

STATE OF OHIO

      Plaintiff – Appellee

-vs-

STEPHEN C. BELTOWSKI

      Defendant - Appellant

Case No. 25 CAA 12 0119

Opinion And Judgment Entry

Appeal from the Delaware County Court of Common Pleas, Case No. 25 CR I 05 0280

Judgment:  Affirmed

Date of Judgment Entry: June 29, 2026

BEFORE: Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Melissa A. Schiffel, Katheryn L. Munger, for Plaintiff-Appellee; Christopher Bazeley, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1} Defendant-appellant Stephen C. Beltowski pled guilty in the Delaware County Court of Common Pleas to five counts of breaking and entering. The trial court imposed an aggregate prison term of sixty (60) months. Beltowski contends the matter should be remanded to the trial court for dismissal of the convictions on "the three charges [for conduct] that occurred outside of Delaware County." For the reasons that follow, we affirm the judgment of the trial court.

*Facts & Procedural History*

{¶2} On June 16, 2024, Beltowski forced entry through a glass door of Joe's Pub in Delaware County, pried open the cash register and safe, and took cash out of the safe and register. On the same day, Beltowski forced entry through the front door of a second Joe's Pub location in Franklin County. He again pried open the cash register and safe and took cash out of the safe and register.

{¶3} On December 30, 2024, Beltowski returned to the same Joe's Pub in Delaware County, forced entry through a door, pried open the cash register and safe, and took cash out of the safe and register. On the same day, Beltowski returned to the same Joe's Pub in Franklin County, forced entry through the front door again taking cash from the cash register and safe. Finally, on the same day, Beltowski forced entry through a door at a Dairy Queen in Worthington (Franklin County) and stole cash from the cash register and safe. Beltowski's vehicle was seen on video at the various establishments at the time the offenses were committed, and officers used information about the vehicle to connect Beltowski and his co-defendant to the crimes.

{¶4} On May 1, 2025, Beltowski was indicted on fourteen counts. On December 12, 2025, Beltowski agreed to plead guilty to five counts of breaking and entering (Counts 2, 5, 8, 11, and 12), each a felony of the fifth degree. The remainder of the charges were dismissed pursuant to the plea agreement, as part of which the parties jointly recommended a total sentence of sixty (60) months in prison, to be served consecutively to Beltowski's prison sentences from both Cuyahoga and Geauga counties.

{¶5} The trial judge held the plea-change hearing on the record in accordance with Criminal Rule 22 and conducted the hearing in the way that Criminal Rule 11(C) requires - ensuring that Beltowski was entering his pleas of guilty voluntarily, that he

understood the nature of the criminal charges, that he understood the maximum penalties, and that he understood the effect of a guilty plea. Additionally, the trial judge thoroughly addressed the constitutional rights spelled out in Criminal Rule 11(C)(2)(c). Beltowski expressed on the record his understanding of those rights and his desire to waive them. Beltowski himself, along with his counsel, signed a plea of guilty form, which was promptly filed with the Delaware County Clerk of Courts. During the plea hearing, the trial judge specifically found that, although Beltowski committed three of the offenses in a different jurisdiction (Franklin County), the offenses were committed as part of a course of criminal conduct.

**{¶6}** The parties waived a pre-sentence investigation report and proceeded immediately to sentencing at which time the trial judge afforded the parties an opportunity to be heard in accordance with Criminal Rule 32(A). The trial judge imposed the jointly recommended sentence: twelve (12) months in prison on each count, to be served consecutively to each other and consecutive to the prison terms Beltowski was serving stemming from convictions in Cuyahoga County and Geauga County.

**{¶7}** On December 15, 2025, the trial court issued a judgment entry of prison sentence.

**{¶8}** Beltowski timely appealed and argues that the trial court violated his constitutional rights and R.C. 2901.12 by allowing him to plead guilty to offenses that occurred outside of Delaware County. We are not persuaded by this argument.

**{¶9}** Venue is established under Article I, Section 10 of the Ohio Constitution, requiring criminal trials to be held in the "county in which the offense is alleged to have been committed," and R.C. 2901.12(A), requiring criminal trials to be held "in the territory of which the offense or any element thereof was committed." Venue is not

jurisdictional and is not a material element of the offense. *State v. Crawford*, 2019-Ohio-273, ¶ 17 (5th Dist.). Proper venue "is a fact which the state must prove beyond a reasonable doubt unless waived by the accused." *State v. McCartney*, 55 Ohio App.3d 170, 170 (9th Dist. 1988).

{¶10} R.C. 2901.12(H) allows offenses committed in other jurisdictions "as a part of a course of criminal conduct" to be tried "in any jurisdiction in which one of those offenses or any element of one of those offenses occurred."

{¶11} Here, Beltowski admitted to venue when he pled guilty. *State v. Stephens*, 2017-Ohio-6911, ¶ 18 (5th Dist.). A defendant's "guilty plea precludes [him] from challenging the factual issue of venue." *Stephens* at ¶ 18, quoting *State v. Buoni*, 2011-Ohio-6665, ¶ 12, quoting *McCartney* at 170. This Court has specifically stated that, "a plea of guilty waives a claim that venue was improper." *State v. Buchman*, 2019-Ohio-4276, ¶ 13 (5th Dist.).

{¶12} Beltowski did not move the trial court to vacate his guilty pleas. Moreover, Beltowski does not suggest his guilty pleas were not entered into knowingly, intelligently, and voluntarily. As Beltowski pled guilty to the five offenses, the State was not required to prove venue. Rather, Beltowski admitted venue was proper. The record from the plea hearing, as well as the guilty plea form signed by Beltowski, reflects that Beltowski was aware that by pleading guilty, he was admitting to committing the five offenses and, consequently, that the State was not required to prove his guilt beyond a reasonable doubt. Because Beltowski pled guilty, he waived his right to have the State establish venue beyond a reasonable doubt.

{¶13} Further, as specifically found by the trial court during the plea hearing, because Beltowski committed offenses in different jurisdictions as part of a course of

criminal conduct, venue lies for all the offenses in any jurisdiction in which he committed one of the offenses or any element. R.C. 2901.12(A), (C), (H); *State v. Beuke*, 38 Ohio St.3d 29, 42 (1988); *State v. Crawford*, 2019-Ohio-273, ¶ 18 (5th Dist.). The crimes involved the same or similar types of victims - restaurants - and were committed with the purpose of obtaining money from the businesses. The businesses were targeted after business hours - while not occupied by patrons or employees. The modus operandi in each incident was the same - forced entry occurred through a door, with Beltowski prying open the cash register and/or safe at each location.

{¶14} Beltowski's assignment of error is overruled.

{¶15} The judgment of the Delaware County Court of Common Pleas is affirmed.

{¶16} Costs to Appellant Stephen C. Beltowski.

By: Popham, J.

King, P.J. and

Gormley, J., concur